UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAIGE GRAHAM**

    **Plaintiff,**

                                  Case No.:

v.

**RANCH INNOVETIVE VSO, LLC**
**d/b/a ANIMAL HOSPITAL**
**AT LAKEWOOD RANCH**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAIGE GRAHAM, by and through undersigned counsel, brings this action against Defendant, RANCH INNOVETIVE VSO, LLC d/b/a ANIMAL HOSPITAL AT LAKEWOOD RANCH and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. Venue is proper in this judicial district, because all of the events giving rise to these claims occurred in Manatee County, Florida.

## PARTIES

3. Plaintiff is a resident of Niagara County, New York and she worked in Manatee County.

4. Defendant operates an animal hospital in Manatee County.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant on or around April 2020.

13. On Monday, September 27, 2021, Plaintiff utilized leave under the FMLA to care for her newborn child.

14. Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request.

15. Immediately after Plaintiff went on leave, she began receiving calls from co-workers stating they were told she was not returning to work.

16. Plaintiff also received calls from vendors stating they were removing her from accounts.

17. Plaintiff reached out to management regarding her job status and was advised they had concerns about her background, an issue that had never been raised until after Plaintiff began leave, despite Defendant being aware of her background for months before her leave began.

18. Defendant terminated Plaintiff's employment effective December 18, 2021, the date her leave ended.

19. Plaintiff's employment was terminated for a pretextual reason.

20. Plaintiff exercised her rights under the FMLA by filing for and utilizing FMLA leave.

21. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

### COUNT I – FMLA INTERFERENCE

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as fully set forth herein.

23. Plaintiff required time off from work to care for her newborn child, requiring leave protected under the FMLA.

24. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

25. Defendant's actions were willful and done with malice.

26. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

27. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 21 of this Complaint, as fully set forth herein.

28. Plaintiff required time off from work to care for her newborn child, requiring leave protected under the FMLA.

29. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

30. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 6th day of February, 2023.

Respectfully submitted,

*/s/ Ashwin R. Trehan*
**ASHWIN R. TREHAN**
Florida Bar Number: 42675
**WENZEL FENTON CABASSA P.A.**
1110 N. Florida Avenue Suite 300
Tampa, FL 33602-3343
Main Number: (813) 224-0431
Direct Dial: (813) 774-3391
Facsimile: (813)229-8712
Email: atrehan@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**